UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM P. CUNNANE,
Plaintiff-Appellant,

v.                                                                              No. 96-2831

UNITED TRANSPORTATION UNION,
Defendant-Appellee.

Appeal from the United States District Court for the
Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-96-320)

Submitted: December 2, 1997

Decided: December 24, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert P. Geary, Richmond, Virginia, for Appellant. Joseph Guer-
rieri, Jr., Jeffrey A. Bartos, Amybeth Garcia-Bokor, GUERRIERI,
EDMOND & CLAYMAN, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William P. Cunnane appeals from the district court's order granting summary judgment for the United Transportation Union ("UTU") in Cunnane's action for injunctive relief against the union. We find that Cunnane lacked standing to bring this action; consequently, we affirm.

Cunnane is the chairman of a general committee of the UTU representing employees at the CSX Transportation ("CSX") Greater Richmond Terminal who formerly were employees of the Richmond, Fredericksburg and Petersburg Railroad ("RF&P"). Two other UTU general committees represent respectively employees at the CSX Greater Richmond Terminal who formerly were employees of the Seaboard Coast Line Railroad Company ("SCL") and the Chesapeake and Ohio Railway Company ("C&O"). In 1993, the UTU International President resolved a dispute concerning the seniority rights of former RF&P and SCL employees at the Hermitage Yard. The president's decision, characterized by Cunnane as "a single UTU position," stated that any employee with dual seniority rights on both the SCL and RF&P rosters due to an earlier consolidation agreement would be compelled to exercise his or her highest seniority under either roster. Cunnane sued the union for injunctive relief, claiming that a particular union vice president failed to implement this decision as directed by the union president. Cunnane concedes that no employees with dual rights were within the jurisdiction of his committee.

Before a federal court will hear a claim, there must be a case or controversy. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975). For a plaintiff to have standing, he must have suffered an actual injury as a result of the defendant's conduct. See Motor Coach Indus., Inc. v. Dole, 725 F.2d 958, 963 (4th Cir. 1984). Allegations of merely speculative injury are insufficient to establish standing; claiming that there are circumstances under which a plaintiff could be affected is not sufficient to establish standing. See United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 688-89 (1973).

2

Cunnane seeks an order requiring the UTU vice president to implement the single position established by the UTU president's decision. The district court correctly found that Cunnane lacked standing to bring this action because the president's decision affected only those CSX employees with dual rights in that it required those individuals with dual seniority to exercise their highest seniority of either the SCL or RF&P roster. By his own admission, Cunnane's general committee represented no employees with dual rights. Cunnane argues that he has standing because if a former SCL employee occupies improperly a seniority slot to which a former RF&P employee is entitled, it aggrieves all former RF&P employees who are junior to that slot. However, in this action Cunnane is not challenging the propriety of the UTU president's ruling--he claims only that the UTU vice president failed to implement it. Because he failed to make a showing of how he is injured by the alleged failure to implement the ruling, there is no case or controversy and summary judgment on the basis of lack of standing was appropriate.

For these reasons, we affirm the district court's order granting summary judgment to UTU. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3